NOT FOR PUBLICATION

$\mathcal{CL}$

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEROY T. MOORE, : | |
| : | Civil Action No. 05-4005 (SRC) |
| Petitioner, : | |
| : | |
| v. : | O P I N I O N |
| : | |
| ADMINISTRATOR CHARLES C. LEONE, : | |
| et al., : | |
| : | |
| Respondents. : | |
| : | |

APPEARANCES:

Leroy T. Moore, Pro Se
#299658C/472359
Talbot Hall Assessment Center
100-140 Lincoln Highway
Kearny, NJ 07032

Nancy A. Hulett
Assistant Prosecutor
Middlesex County Prosecutor's Office
25 Kirkpatrick Street, 3d Floor
New Brunswick, NJ 08901
Attorney for Respondents

CHESLER, District Judge

Petitioner, Leroy T. Moore, filed the within petition for a
Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Respondents
have filed an Answer and the state court record. Petitioner
thereafter, filed a Response to the Answer. The Court has
considered all submissions. For the reasons set forth below, the
Court finds that the majority of Petitioner's claims for relief

are unexhausted.  Therefore, the petition will be dismissed, without prejudice, for failure to exhaust.

## BACKGROUND

Petitioner was convicted after a trial by jury in the Superior Court of New Jersey, Law Division, Middlesex County of various drug charges.  He also plead guilty to theft of a motor vehicle.  He was sentenced to an aggregate term of eight years incarceration, with three years of parole ineligibility on December 15, 2003.

Petitioner appealed his conviction and sentence.  On appeal, Petitioner raised the following three arguments: (1) defendant's conviction must be reversed and his sentence vacated because the trial judge failed to charge on the issue of identification; (2) the defendant's conviction must be reversed and his sentence vacated because the trial judge committed error in denying defendant's motion to sever; and (3) defendant's sentence must be modified.  The Superior Court of New Jersey, Appellate Division ("Appellate Division") affirmed the convictions and sentence on May 27, 2005.  Petitioner's petition for certification to the New Jersey Supreme Court was denied on July 18, 2005.

Petitioner has not filed a motion for post-conviction relief ("PCR") or any other actions in state court relevant to his convictions.

Petitioner filed the instant petition on August 15, 2005. He raises the following claims for habeas relief within his petition:

1.    Trial judge erred in denying motion and/or request to sever.

2.    Trial judge erred in failing to charge the jury with identification.

3.    Sentence was excessive.

4.    Foreman of jury should have been discharged from trial.

(Petition, ¶ 12).

In an attached addendum to his petition, Petitioner asserts the following claims for relief:

1.    Numerous errors occurred at trial which deprived Petitioner of his right to a fair trial.

2.    The conviction is against the weight of the evidence, and the trial court erred in denying Petitioner's motions to suppress, expert witness, sever, motion to dismiss, and speedy trial.

3.    Evidence seized should have been suppressed.

4.    The alleged statement to the police should have been suppressed.

5.    The State's witness knew the foreman of the jury, violating Petitioner's right to a fair trial.

6.    Petitioner's sentence was manifestly excessive.

7.    Witnesses committed perjury, and Petitioner was falsely arrested and imprisoned.

8.    Petitioner was prejudiced by joinder of the offenses, and his cases should have been severed so that he could take the stand in one of the cases.

3

9.   The Grand Jury transcript testimony does not match the trial testimony.

10.  Ineffective assistance of counsel for failure to locate witness who could testify on Petitioner's behalf.

Respondents' Answer asserts as an affirmative defense that the claims presented by Petitioner are unexhausted.

## DISCUSSION

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[ ] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[ ] or . . . circumstances exist that render such process ineffective . . . ."[1]  See 28 U.S.C. § 2254(b)(1); see also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

---

[1]  Exhaustion of state remedies has been required for more than a century, since the Supreme Court's decision in Ex parte Royall, 117 U.S. 241 (1886).  The exhaustion doctrine was first codified at 28 U.S.C. § 2254 in 1948, see Rose v. Lundy, 455 U.S. 509, 516-18 (1982), and more recently was the subject of significant revisions in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104-132, 110 Stat. 1217 (April 24, 1996).

4

The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism.  <u>See</u> <u>Granberry v. Greer</u>, 481 U.S. 129 (1987); <u>Rose</u>, 455 U.S. at 516-18.  Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review.  <u>See</u> <u>Rose</u>, 455 U.S. at 519.  Moreover, the exhaustion doctrine is a "total" exhaustion rule; that is, "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims [('mixed' petitions)]." <u>Lundy</u>, 455 U.S. at 522.

At the time <u>Lundy</u> was decided, there was no statute of limitations on the filing of federal habeas petitions.  The enactment in 1996 of a one-year limitations period for § 2254 habeas petitions, <u>see</u> 28 U.S.C. § 2244(d), however, "'has altered the context in which the choice of mechanisms for handling mixed petitions is to be made.'"  <u>Crews v. Horn</u>, 360 F.3d 146, 151 (3d Cir. 2004)(quoting <u>Zarvela v. Artuz</u>, 254 F.3d 374, 379 (2d Cir.), <u>cert. denied</u>, 534 U.S. 1015 (2001)).  Because of the one-year limitations period, dismissal of a timely-filed mixed petition may forever bar a petitioner from returning to federal court.

"Staying a habeas petition pending exhaustion of state remedies is a permissible and effective way to avoid barring from federal court a petitioner who timely files a mixed petition."

Crews, 360 F.3d at 151.  Indeed, the Court of Appeals for the
Third Circuit has held that "when an outright dismissal could
jeopardize the timeliness of a collateral attack, a stay is the
only appropriate course of action."  Crews, 360 F.3d at 154.

The United States Supreme Court has somewhat limited the
stay-and-abeyance rule announced in Crews.

> [S]tay and abeyance should be available only in limited
> circumstances. ...  [S]tay and abeyance is only
> appropriate when the district court determines there
> was good cause for the petitioner's failure to exhaust
> his claims first in state court.  Moreover, even if a
> petitioner had good cause for that failure, the
> district court would abuse its discretion if it were to
> grant him a stay when his unexhausted claims are
> plainly meritless.
> . . .
> On the other hand, it likely would be an abuse of
> discretion for a district court to deny a stay and to
> dismiss a mixed petition if the petitioner had good
> cause for his failure to exhaust, his unexhausted
> claims are potentially meritorious, and there is no
> indication that the petitioner engaged in intentionally
> dilatory litigation tactics.  In such circumstances,
> the district court should stay, rather than dismiss,
> the mixed petition. . . .  For the same reason, if a
> petitioner presents a district court with a mixed
> petition and the court determines that stay and
> abeyance is inappropriate, the court should allow the
> petitioner to delete the unexhausted claims and to
> proceed with the exhausted claims if dismissal of the
> entire petition would unreasonably impair the
> petitioner's right to obtain federal relief.

Rhines v. Weber, 544 U.S. 269, 277-78 (2005) (citations omitted).
Even where stay and abeyance is appropriate, the district court's
discretion in structuring the stay is limited by the timeliness
concerns reflected in the one-year statute of limitations.
"Thus, district courts should place reasonable time limits on a

petitioner's trip to state court and back." Id. at 278; see also Crews, 360 F.3d at 154 ("If a habeas petition is stayed, the petitioner should be given a reasonable interval, normally 30 days, to file his application for state post-conviction relief, and another reasonable interval after the denial of that relief to return to federal court.  If a petitioner fails to meet either time-limit, the stay should be vacated nunc pro tunc.") (citations omitted).

A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings. See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.").  Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied.

7

See Picard v. Connor, 404 U.S. 270, 275 (1971); Castille v. Peoples, 489 U.S. 346, 350 (1989).

The petitioner generally bears the burden to prove all facts establishing exhaustion. See Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993). This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition. See Picard, 404 U.S. at 275. Reliance on the same constitutional provision is not sufficient; the legal theory and factual predicate must also be the same. See id. at 277.

Here, the Court agrees with Respondents that the majority of the grounds for relief cited by Petitioner have not been exhausted. Accordingly, this Court must determine whether to dismiss this mixed petition.

Here, Petitioner was convicted on December 15, 2003. Petitioner can file a motion for post-conviction relief in New Jersey up to five years after rendition of the judgment or sentence sought to be attacked. See N.J. Ct .R. 3:22-12. Accordingly, Petitioner can file a motion for post-conviction relief until December 15, 2008.

Petitioner's appeal was decided by the Appellate Division on May 27, 2005. See State v. Moore, A-3739-03T4 (May 27, 2005). His petition for certification to the New Jersey Supreme Court was denied on July 18, 2005. See State v. Moore, 185 N.J. 38

(2005).  For purposes of the one-year limitations period for
habeas actions, see 28 U.S.C. § 2244(d), Petitioner's convictions
became final on or around October 16, 2005.[2]  Thus, the one-year
limitations period for filing a federal habeas petition will not
expired until October 15, 2006.

Petitioner, therefore, may file a motion for post-conviction
relief, or any other motion he deems necessary, in state court in
order to present the claims in this habeas petition to the state
court for review and exhaustion.  If Petitioner does so before
October 15, 2006, his one-year limitations period for filing this
§ 2254 habeas action will be tolled during the time his properly
filed post-conviction relief motion is pending in state court.[3]

---

[2]   A state-court criminal judgment becomes "final" within
the meaning of § 2244(d)(1) by the conclusion of direct review or
by the expiration of time for seeking such review, including the
90-day period for filing a petition for writ of certiorari in the
United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417,
419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d
Cir. 1999); U.S. Sup. Ct. R. 13.

[3]   An application for state post-conviction relief is
considered "pending" within the meaning of § 2244(d)(2), and the
limitations period is statutorily tolled from the time it is
"properly filed," during the period between a lower state court's
decision and the filing of a notice of appeal to a higher court,
and through the time in which an appeal could be filed, even if
the appeal is never filed.  See Carey v. Saffold, 536 U.S. 214
(2002); Swartz v. Meyers, 204 F.3d at 420-24.  However, "the time
during which a state prisoner may file a petition for writ of
certiorari in the United States Supreme Court from the denial of
his state post-conviction petition does not toll the one year
statute of limitations under 28 U.S.C. § 2244(d)(2)."  Stokes v.
District Attorney of the County of Philadelphia, 247 F.3d 539,
542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

Thus, depending on the timeliness of Petitioner's filing in state court, he will retain time on his one-year limitations period in order to file this § 2254 habeas action after exhaustion of state court remedies.  The Court points out, however, that if Petitioner chooses to file a post-conviction relief motion in state court, and presents the claims therein to each level of the state courts (<u>i.e.</u>, the Appellate Division and the New Jersey Supreme Court), he will <u>not</u> have one-year after exhaustion to file his habeas action in this Court.  Rather, he will have whatever time is left on his one-year limitation period, calculated from the day he properly files his post-conviction relief motion, until October 15, 2006.

Because Petitioner can conceivably exhaust state court remedies and retain time to re-file a habeas action in this Court thereafter, the Court finds that his right to federal relief is not impaired by the one-year limitation period, and a stay would be inappropriate.

## CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner

satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 1537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find the Court's procedural disposition of this case debatable. Accordingly, no certificate of appealability will issue.

**CONCLUSION**

The instant Petition will be dismissed, without prejudice, for failure to exhaust state court remedies. An appropriate Order follows.

STANLEY R. CHESLER
United States District Judge

Dated: 9/12/06

11